UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS HARRIS, | |
| Petitioner, | |
| v. | CAUSE NO. 3:23cr37 DRL |
| UNITED STATES OF AMERICA, | 3:25cv324 DRL |
| Respondent. | |

OPINION AND ORDER

Marcus Harris filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that his attorney failed to object to methamphetamine purity calculations at sentencing. After assessing these contentions and the record, the court denies the petition and denies a certificate of appealability.

Over the course of about six months, Mr. Harris sold pounds of methamphetamine and other amounts of fentanyl and heroin before being arrested attempting to trade heroin and methamphetamine for cocaine. He pleaded guilty with a plea agreement to one count of aiding and abetting the distribution of fifty grams or more of methamphetamine. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). In April 2024, the court sentenced him to 180 months.

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final

conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

The law "presume[s] that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Mr. Harris alleges that his counsel was ineffective because he failed to object to methamphetamine purity testing at sentencing. He argues his counsel should have raised that methamphetamine testing is inaccurate and always returns 100 percent pure results. Mr. Harris cites no law or factual basis for this argument, and the record in this case proves his assertion incorrect. Mr. Harris makes the groundless claim that the inaccuracy of the testing performed would cause any sample of methamphetamine to test 100 precent pure, but methamphetamine samples in this case came back 94, 97, 98, and 99 percent pure—all but proving his assumption inaccurate on its face.

Even if Mr. Harris had some support for his claim, "[t]he choice not to investigate a particular defense does not constitute deficient performance if [the] lawyer has made a reasonable decision that makes particular investigations unnecessary." *Stevens v. McBride*, 489 F.3d 883, 890 (7th Cir. 2007) (quotation and citation omitted). Lawyers don't have to make every argument available; they "cannot be faulted for eschewing the proverbial kitchen sink and instead focusing on arguments with better odds." *Lickers v. United States*, 98 F.4th 847, 857 (7th Cir. 2024).

The law generally declines to second-guess the strategic choices of attorneys, *United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000), though "[a]n attorney's choice rigidly to pursue a losing strategy certainly can support an ineffective assistance of counsel claim," *Gonzales v. Eplett*,

3

77 F.4th 585, 593 (7th Cir. 2023). Attorneys may have a "tactical reason not to make weak arguments." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003).

Objecting to methamphetamine testing, conducted at certified laboratories, often by specialists in their field, would invariably prove a losing argument. Most methamphetamine sold today is high purity, so it would not be improper for counsel to forego an argument about a fact that would be expected, not unusual. And Mr. Harris identifies no weakness in the testing or glint of argument that might have been developed by asserting such an objection. In short, he cannot establish that his counsel acted deficiently, much less that objecting to the methamphetamine testing would have changed the outcome of this proceeding.

Mr. Harris adds that failing to raise this issue denied him the right to appeal his sentence on this ground, but he waived his right to appeal in his plea agreement [30 ¶ 9(e)]. The court denies the petition.

## CERTIFICATE OF APPEALABILITY

Mr. Harris fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and his petition must be denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on the assertion Mr. Harris has made in this petition, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

The court DENIES Mr. Harris' petition to vacate his sentence under 28 U.S.C. § 2255 [65] and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 325cv324].

SO ORDERED.

June 2, 2025

*s/ Damon R. Leichty*
Judge, United States District Court